## HEWLETT v. HENDERSON.

Where, on an application for a new trial on the ground of the sickness of one of the plain-
tiff's counsel and the absence of the other on professional business elswhere, there is no
allegation that the judgment is contrary to law and evidence, nor that justice requires its
revision, a new trial must be refused.

APPEAL from a judgment rendered by the District Court of Jefferson.
*Clarke*, J. refusing a new trial. The reasons assigned for the refusal were:

"In this case, a judgment of non-suit having been rendered, the plaintiff moves
for a new trial, on the following grounds: 1st. That the principal counsel was un-
able to attend the trial, on account of important professional business elswhere.
2d. That another counsel was also unable to attend on account of sickness. 3d.
That the counsel representing the attorneys of plaintiff moved for a continuance
on the grounds stated, and, pending the motion, which was very much protracted
by defendant's counsel, he was obliged to leave the court, to attend a criminal case
at Carrollton.

"The application sets fourth none of the grounds indicated in our Code of Prac-
tice as legal causes for granting a new trial. Vide C. P. 560. There is no allega-
tion that the judgment is contrary to law and evidence, nor is there a ground laid
for the exercise of its discretion by the court in granting a new trial *ex officio*, by
the averment, supported by affidavit, that justice requires a revision of the judg-
ment &c. The third ground does not strengthen the application. The state-
ment of facts on which it is based requires some amendment, to make it conform
with what transpired on the trial. The counsel who, it is said, represented the

attorneys of the plaintiff, appeared for the plaintiff when the case was called, and moved for a continuance, upon affidavit of the absence of one, and the sickness of another, counsel. The continuance was refused on the ground that, the affidavit did not set forth facts and contain allegations furnishing legal cause for granting a continuance. Upon the refusal to postpone the trial, having requested the witnesses for the plaintiff to be called, he again moved for a continuance on the ground that one of plaintiff's witnesses, subpœnaed, had not appeared, and, being a member of the legislature, could not be attached. The defendant's counsel opposed the continuance, offering to guaranty the production of the witness in time to give his testimony on the trial. Pending the argument of the question thus raised, the witness appeared in court. Upon the appearance in court of the witness whose absence had been complained of, the counsel who moved for the continuance retired from the court-house, and, there being no one to represent the plaintiff, a judgment of non-suit was entered upon the record. Under the circumstances thus presented, the court is reluctant to entertain an application to set aside a judgment not alleged to be contrary to law and evidence, nor shown to work an irreparable injury or injustice."

*Michel* and *Soulé,* for the appellant. *Hiestand,* for the defendant. The judgment of the court *( King,* J. absent,) was pronounced by

SLIDELL, J. For the reasons assigned by the district judge, it is ordered that the judgment of the District court be affirmed, with costs.